MARCOS PUENTE, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 1513. Argued March 25, 1943.—Decided March 31, 1943.

*Felipe Colón Díaz,* for petitioner.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Marcos Puente by his attorney prays that this court issue a writ of certiorari against the District Court of Ponce ordering it to send up the original record in suits 6791 and 6792 filed in that court and against him by Lucindo López and Julio Pérez in claim for wages, to be reviewed, and that the judgments rendered in the same by the district court be

annulled for the reason that they were rendered without jurisdiction.

The district court entertained those suits on appeal. They were originally filed in the Municipal Court of Ponce.

In the first suit, that is, the one filed by López, three causes of action were pleaded. In the first the amount of 5,822 hours of labor in excess of the eight-hour day, on working days, is claimed; in the second one, the amount of 117 Sundays worked; and in the third one, the wages for the month previous to the day on which petitioner was discharged without previous notice or cause. Judgment was rendered for $2,527.64.

The second suit, or the one filed by Pérez, pleaded two causes of action. In the first, the amount of 7,216 hours in excess of the eight-hour day, on working days, was claimed; and in the second, that of 104 Sundays worked. Judgment was rendered for $1,699.06.

Petitioner contends that in both suits he set up as a special defense that the municipal court lacked jurisdiction —the amount claimed exceeds $500—that the complaints did not state facts sufficient to constitute a cause of action and that Act No. 49 of 1935 (Spec. Sess. Laws, p. 538) was not applicable to these claims because they were based on an illegal consideration, and that in spite of this, the court sustained the complaints, after which he appealed from the judgments rendered to this court, which dismissed the appeals on the ground that they had been filed after the expiration of the legal term. *Pérez v. Puente, etc., ante,* p. 572.

Referring to the extraordinary remedy which he now seeks, he holds that it lies because the district court acted without jurisdiction; because the judgments rendered approve acts done by the plaintiffs contrary to law and public order and in violation of the first section of Act No. 49 of 1935, which prohibits any person from working more than eight hours in any natural day; because in them defendant

was adjudged to pay double compensation for hours worked after the ninth hour, when the law only provides for the payment of the ninth hour; because the court entertained these suits without the fees provided by Act No. 17 of 1915 (Laws of 1915, p. 45), as amended, having been paid, and because the ends of justice demand the issuance of the writ.

In studying the decisions the most favorable ones which we have found for petitioner are contained in the note to *Wulzen* v. *Board of Supervisors,* 101 Cal. 15, which appears in 40 Am. St. Rep. 28, 30, and in the note to the Mississippi case of *Duggen* v. *McGruder,* which appears in 12 Am. Dec. 295, 231, to wit:

". . . Nor can he maintain his claim to the writ on the ground that the time within which he might have appealed or otherwise sought redress has expired, unless, perhaps, where he can show that his failure to avail himself of the remedy which he might have pursued was not due to any negligence or fault on his part [citing a large number of cases from Arkansas, West Virginia, California, Nevada, Iowa, Michigan and Washington].

". . . Where the party aggrieved can obtain redress by appeal or by writ of error, there is no reason why he should be allowed the unusual remedy by certiorari . . . There may, however, be special circumstances which address themselves to the discretion of the court with such force as to induce the granting of the writ, although the applicant once had an efficient remedy by appeal or writ of error. Thus, if the right to appeal has been lost to the applicant, without any fault or neglect upon his part, he may still, in some of the states, obtain a review by means of certiorari. [Citing authorities.]

". . . '. . . But, if the act of the court, either oppressively or erroneously produced, the appeal was refused; or, if by the act of the clerk, negligently or wilfully caused, the appeal was defeated; or, if by the contrivance or procurement of the adverse party, the same result was procured; or, even if by inevitable accident, or the misfortune without blame of the party injured, he was prevented from the benefit of a second investigation of the f cts of the cause, by the prescribed mode of appeal, the certiorari was resorted to as the substitute for redress . . . .' *Perkins* v. *Hadley,* 4 *Hayw.* 143 . . ." 12 Am. Dec. 531.

However, the circumstances of this case, no matter how hard the petitioner may try to convince us, do not place it within the very special circumstances which existed in the cited cases and which prompted the respective courts to issue the extraordinary writ of certiorari in spite of the fact that the right of appeal had been lost.

The question is not new in this jurisdiction. Since the year 1914, in *Montalvo* v. *Soto*, 20 P.R.R. 363, we have held, as apears from the syllabus, the following:

"When an appeal is dismissed on account of a fault of the appellant he cannot resort to the extraordinary remedy of *certiorari* for a review of the proceedings in which the judgment appealed from was rendered."

For the foregoing reasons, the writ prayed for must be denied.